# EXHIBIT A

**DEL VACCHIO O'HARA, P.C.**
Richard Del Vacchio, Esq.
Bar I.D.#:  030511993
Feed Mill Station
2nd Floor
39 Route 12
Flemington, NJ 08822
PH: 908-782-4422; FAX: 908-782-4423
Email: rdelvacchio@domlawfirm.com
*Attorneys for Plaintiff*

| | |
|---|---|
| KATHY A. DITSCHMAN<br><br>　　　　*Plaintiff*<br><br>　　vs.<br><br>WALMART<br>JOHN DOES(1-25),<br>Representing presently<br>unidentified individuals,<br>businesses and/or corporations<br>who were responsible for the<br>operation, maintenance,<br>construction, control,<br>inspection, repair,<br>supervision, ownership of<br>the premises in question,<br><br>　　　　*Defendants* | : SUPERIOR COURT OF NEW JERSEY<br>: LAW DIVISION: HUNTERDON COUNTY<br>:<br>: DOCKET NO.:  HNT-L-153-22<br>:<br>: Civil Action<br>:<br>:<br>:<br>: **SUMMONS**<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

**FROM THE STATE OF NEW JERSEY**, To:

**WALMART**

   The Plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The Complaint attached to this Summons states the basis for this lawsuit. If you dispute this Complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it (the address of each deputy clerk of the Superior Court is provided).

If the Complaint is one in foreclosure, then you must file your written Answer or Motion and proof of service with the Clerk of the

Superior Court, Hughes Justice Complex, CN-971, Trenton, NJ 08625. A $135.00 filing fee payable to the Clerk of the Superior Court and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your Answer or Motion when it is filed. You must also send a copy of your Answer or Motion to Plaintiff's attorney whose name and address appear above, or to Plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written Answer or Motion (with fee and completed Case Information Statement) if you want the Court to hear your defense.

If you do not file and serve a written Answer or Motion within 35 days, the court may enter a judgment against you for the relief Plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an Attorney, you may call the Legal Services office in the county where you live. A list of these offices is provided. If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A list of these numbers is also provided.

                                               S/S
                                 Clerk of the Superior Court

DATE: 4/4/2022
**TO BE SERVED UPON:**

WALMART
152 NJ-31 N
Flemington, NJ 08822

**DEL VACCHIO O'HARA, P.C.**
Richard Del Vacchio, Esq.
Bar I.D.#: 030511993
Feed Mill Station
2nd Floor
39 Route 12
Flemington, NJ 08822
PH: 908-782-4422; FAX: 908-782-4423
Email: rdelvacchio@domlawfirm.com
*Attorneys for Plaintiff*

| | |
|---|---|
| KATHY A. DITSCHMAN | SUPERIOR COURT OF NEW JERSEY |
| | LAW DIVISION: HUNTERDON COUNTY |
| Plaintiff | |
| | DOCKET NO.: |
| vs. | |
| | Civil Action |
| WALMART | |
| JOHN DOES(1-25), | |
| Representing presently | |
| unidentified individuals, | |
| businesses and/or corporations | **COMPLAINT, JURY DEMAND,** |
| who were responsible for the | **DESIGNATION OF TRIAL COUNSEL** |
| operation, maintenance, | **CERTIFICATION, DEMAND FOR** |
| construction, control, | **INTERROGATORIES AND REQUEST** |
| inspection, repair, | **FOR PRODUCTION OF DOCUMENTS** |
| supervision, ownership of | **AND SUPPLEMENTAL INTERROGATORIES** |
| the premises in question, | |
| Defendants | |

Plaintiff, Kathy A. Ditschman residing at 3 Walden Road, Milford, County of Hunterdon and State of New Jersey, complaining of the defendants says:

### FIRST COUNT

1. On or about March 19, 2021, the plaintiff, Kathy A. Ditschman was legally and lawfully upon the defendant Walmart's premises located at 152 NJ-31 N, Flemington, New Jersey 08822 when she was caused to fall.

13. Copies of any and all reports on the plaintiff received by the defendants, or any other party to this suit, from either the Central Index Bureau (C.I.B.) or from any other source.

14. Copies of any and all reports and/or other investigations performed by O.S.H.A. or any other investigative authority.

15. Copies of any and all medical information and/or documentation concerning the plaintiff in this matter whether it concerns any medical condition or treatment which took place before, during or after the time of the incident in question.

16. Copies of any and all records of any type subpoenaed by the defendant or received from any other source concerning the plaintiff or the incident in question.

17. A list of employees present at the job site or accident site, their names, addresses and job titles.

18. Copies of all video surveillance on March 19, 2021

DEL VACCHIO O'HARA, P.C.

BY: _____
RICHARD DEL VACCHIO, ESQ.
Attorney for the Plaintiff

Date  4/4/22

2. At the time and place aforesaid, the defendants Walmart were the owners/operators of the aforesaid premises and/or entities responsible for the operation, maintenance, cleaning, construction, control, inspection, repair, and supervision of the aforesaid premises.

3. As a direct and proximate result of the negligence of the defendants, Walmart in the manner in which they owned, operated, maintained, constructed, controlled, inspected, repaired and supervised the premises, the plaintiff was caused to fall and suffer injuries to her body; was caused to suffer great pain and will in the future be caused to suffer great pain; was caused to incur medical expenses, health insurance liens and will in the future be caused to incur medical expenses; was caused to suffer serious injuries.

WHEREFORE, plaintiff, Kathy A. Ditschman demands judgment against the defendants, Walmart for damages, interest, attorney fees and costs of suit.

## SECOND COUNT

4. Plaintiff hereby repeats and incorporates each and every allegation of the prior Count as though same were fully set forth herein at length.

5. At the time and place aforesaid, the defendants John Does 1-25 represent presently unidentified individuals, businesses and/or corporations who were responsible for the operation,

maintenance, construction, control, inspection, repair, supervision and ownership of the aforementioned premises in question where the plaintiff fell.

6. As a direct and proximate result of the negligence of the defendants John Does 1-25 in the manner in which they owned, operated, maintained, constructed, controlled, inspected, repaired, supervised and/or the property in question, the plaintiff was caused to fall and suffer injuries to her body; was caused to suffer great pain and will in the future be caused to suffer great pain; was caused to incur medical expenses health insurance liens and will in the future be caused to incur medical expenses; was caused to suffer serious injuries.

WHEREFORE, plaintiff, Kathy Ditschman, demands judgment against the defendants, John Does 1-25, for damages, interest, attorney fees and costs of suit.

### THIRD COUNT

7. Plaintiff hereby repeats and incorporates each and every allegation of the prior Counts as if same were fully set forth herein at length.

8. Plaintiff alleges there was a breach of Statutes and other Regulations and that constitutes a Statutory Tort.

WHEREFORE, plaintiff, Kathy A. Ditschman, demands judgment against the defendants, Walmart and John Does 1-25, for damages, interest, costs of suit and attorney fees.

### JURY DEMAND

The plaintiff, pursuant to R.4:35-1, demands a Trial by jury of not less than six (6) as to all issues.

### DESIGNATION OF TRIAL COUNSEL

The plaintiff hereby designate Richard Del Vacchio, Esq. as Trial counsel in the above matter for the firm of Del Vacchio O'Hara, P.C., pursuant to R.4:25-4.

### CERTIFICATION PURSUANT TO R. 4:5-1

I hereby certify that this matter is not the subject matter of any other suit, pending or contemplated, in any other court or arbitration proceedings.

### DEMAND FOR INTERROGATORIES

In accordance with R. 4:17-1(b)(ii), demand is hereby made for defendants to answer Form C and C(2) Uniform Interrogatories and the attached supplemental interrogatories within sixty (60) days.

### REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to R. 4:18-1, the plaintiff hereby demands that the defendants produce the following documentation within thirty (30) days as prescribed by the Rules of Court. Additionally, please be advised that the following requests are ongoing and continuing in nature and the defendant is therefore required to continuously update its responses thereto as new information or documentation comes into existence.

1. The amounts of any and all insurance coverage covering the defendant, including but not limited to, primary insurance policies, secondary insurance policies and/or umbrella insurance policies. For each such policy of insurance, supply a copy of the declaration page therefrom.

2. Answers to Form C and C(2) Uniform Interrogatories and the attached supplemental interrogatories within sixty (60) days.

3. Copies of any and all documentation or reports, including but not limited to, police reports, accident reports and/or incident reports concerning the happening of the incident in question or any subsequent investigation of same.

4. Copies or duplicates of any and all photographs, motion pictures, videotapes, films, drawings, diagrams, sketches or other reproductions, descriptions or accounts concerning the individuals involved in the incident in question, the property damage sustained, the accident scene, or anything else relevant to the incident in question.

5. Copies of any and all signed or unsigned statements, documents, communications, and/or transmissions, whether in writing, made orally or otherwise recorded by any mechanical or electronic means, made by any party to this action, any witness, or any other individual, businesses, corporation, investigative authority or other entity concerning anything relevant to the incident in question.

6. Copies of any and all documentation, including but not limited to, any contracts between the owner of the property or product involved in the incident in question and any of the parties involved in this matter.

7. Copies of any and all contracts between any of the parties involved in the incident in question.

8. Copies of any and all documentation concerning any lease agreements between the lessor(s) and the lessee(s) concerning the incident in question.

9. Copies of any and all documentation, including but not limited to, safety manuals, statutes, rules, regulations, books, and/or industry standards which refer to, reflect or otherwise relate to the incident in question or any potential defense to the action in question.

10. Copies of any and all permits applied for by the parties to the action in question concerning either the product in question, the accident scene, or anything else relevant to the happening of the accident in question.

11. Copies of any and all permits received by the parties to the action in question concerning either the product in question, the accident scene, or anything else relevant to the happening of the accident in question.

12. Copies of any and all discovery received from any other parties to the action in question.

## SUPPLEMENTAL INTERROGATORIES

## DITSCHMAN v. WALMART, ET AL.

1. On or about March 19, 2021 were the defendants responsible for the maintenance, inspection, repairs, supervision and control of the aisles at Walmart in Flemington, NJ?

2. If the answer to number one is no, then please provide the name(s) and address(es) of the persons and/or entities who were responsible for the maintenance, repairs supervision, control and/or inspection of the aisles at Walmart in Flemington, NJ.

3. Prior to March 19, 2021, did the defendants have knowledge of the protruding pallet in the store aisle near the eggs which caused plaintiff to fall?

4. If the answer to number three is yes, then please provide the name(s) of the persons and/or entities who became aware of the protruding pallet in the aisle where plaintiff fell.

5. Subsequent to the plaintiff's accident on March 19, 2021, was an inspection conducted of the store aisles where plaintiff fell?

6. If the answer to number six is yes, then please provide the name(s) and address(es) of the persons and/or entities who conducted the inspection, along with the results of the inspection and any and all incident reports prepared as a result of the accident.

7. Were the defendants aware of any persons who suffered fall down accidents at Walmart due to protruding pallets in the aisles from March 19, 2017 to March 19, 2021?

8. If the answer to number seven is yes, then please provide the name(s) and address(es) of the person(s) who suffered such fall down accidents, along with the nature of their accident and injuries sustained from March 19, 2017 to March 19, 2021.

9. Please provide the name(s) and address(es) of all parties who filed claims, received settlements and filed lawsuits against the defendants for fall down accidents in the Walmart store aisles from March 19, 2017 to March 19, 2021.

10. If you have retained the services of an expert in this matter, set forth:

    (a) The expert's name and address.

    (b) Attach a copy of the expert's report.

    (c) Set forth the subject matter on which any expert you have retained or may retain is expected to testify.

    (d) Set forth the substance of the facts and opinions to which the expert you have retained or may retain is expected to testify.

    (e) Set forth a summary of the grounds for each opinion to which any expert you have retained or may retain is expected to testify.

    (f) If the expert will rely upon any reports from any individuals, texts or any information whatsoever, please set forth, specifically, and make it available.

    (g) Whether the expert is relying or has relied upon any manuals, treatises or other writings in forming an opinion, and if so, identify all such documents.

# Civil Case Information Statement

## Case Details: HUNTERDON | Civil Part Docket# L-000153-22

**Case Caption:** DITSCHMAN KATHY VS WALMART
**Case Initiation Date:** 04/04/2022
**Attorney Name:** RICHARD DEL VACCHIO
**Firm Name:** DEL VACCHIO O'HARA, PC
**Address:** 39 ROUTE 12 STE E
FLEMINGTON NJ 08822
**Phone:** 9087824422
**Name of Party:** PLAINTIFF : Ditschman, Kathy, A
**Name of Defendant's Primary Insurance Company (if known):** Unknown

**Case Type:** PERSONAL INJURY
**Document Type:** Complaint with Jury Demand
**Jury Demand:** YES - 6 JURORS
**Is this a professional malpractice case?** NO
**Related cases pending:** NO
**If yes, list docket numbers:**
**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Are sexual abuse claims alleged by: Kathy A Ditschman?** NO

### THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO
**If yes, is that relationship:**
**Does the statute governing this case provide for payment of fees by the losing party?** NO
**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**


**Do you or your client need any disability accommodations?** NO
   **If yes, please identify the requested accommodation:**


**Will an interpreter be needed?** NO
   **If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

04/04/2022                                          /s/ RICHARD DEL VACCHIO
Dated                                               Signed